GARCÍA ET AL., PLAINTIFFS AND APPELLEES, *v.* CANTERO, FERNÁNDEZ & Co., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of San Juan in an Action for Damages for Libel.

No. 2161.—Decided June 11, 1920.

LIBEL—COSTS.—Section 7 of the Act of February 19, 1902, authorizing civil actions to recover damages for libel and slander was not repealed by section 327 of the Code of Civil Procedure as amended by Act No. 38 of April 12, 1917, to regulate the allowance of costs and disbursements.

ID.—ID.—CAUSE OF ACTION.—The dismissal of an action to recover damages for libel does not necessarily imply that there was absolutely no reason for bringing the action.

ID.—ID.—ID.—In order that the Supreme Court may hold that the lower court erred or abused its discretion in not allowing costs to the defendant in an action for damages for libel where the complaint was dismissed but the court did not find that the action was brought without any justifiable cause, it is necessary to submit to its consideration the evidence examined at the trial, for the complaint, the answer and the judgment are not sufficient for that purpose.

The facts are stated in the opinion.
*Mr. A. Sarmiento* for the appellants.
*Messrs. Oller and Rodríguez* for the appellees.

Mr. Chief Justice Hernández delivered the opinion of the court.

On May 12, 1919, Ramón García and his wife, Obdulia O'Kelly, filed an amended complaint in the District Court of San Juan, Section 1, against Cantero, Fernández & Co., to recover $15,000 for alleged damages suffered by them by reason of the publication in a newspaper belonging to the defendants called *El Imparcial* of three articles which were copied into the complaint and which falsely charged the plaintiffs with keeping a disorderly or assignation house.

The defendants admitted the publication of the three articles in said newspaper, but denied that they contained the imputation attributed to them and that therefore the plaintiffs were damaged thereby.

The case was tried and after considering the pleadings, the evidence and the argument of the parties, the court rendered judgment on October 27, 1919, dismissing the complaint for the reasons set out in the opinion on which the judgment is based.

The defendants appealed from the judgment in so far as it failed to impose the costs and attorney fees upon the plaintiffs, and they allege as the sole ground in support of their appeal that the court committed error by violating section 7 of the Act authorizing civil actions to recover damages for libel and slander.

The appellees deny that the court so erred and further maintain that the statute relied on is not at present in force, it having been repealed by section 327 of the Code of Civil Procedure as amended by Act No. 38 of April 12, 1917.

We are of the opinion that the case is governed by the Act of February 19, 1902, authorizing civil actions to recover damages for libel and slander and not by the Code of Civil Procedure, as we held in the case of *Saldamando* v. *Valdecilla*, 20 P. R. R. 89.

The pertinent part of section 7 of that act reads as follows:

"If there be a judgment in favor of the defendant, and if the court finds that the action was commenced by the plaintiff without justifiable cause, the judgment shall include besides costs an attorney's fee, which shall be assessed by the court and shall not exceed one hundred and fifty dollars."

As is seen by the literal wording of that statute, two conditions are indispensable before costs and attorney fees can be allowed: First, that judgment be given in favor of the defendant and, second, that the court find that the action was brought by the plaintiff without justifiable cause.

The first condition was complied with in the present case, for the court rendered judgment in favor of the defendants in dismissing the complaint; but the second is lacking, inasmuch as it does not appear that the court found that the plaintiffs brought the action without justifiable cause. On the contrary, in failing to impose the costs and attorney fees upon the plaintiffs, it found that the plaintiffs were not altogether without cause or reason for bringing their action. The dismissal of the complaint does not of itself necessarily imply that there was absolutely no cause for bringing the action.

In any event, the evidence examined at the trial is necessary to determine whether the lower court committed an error of law or abused its discretion in failing to impose the costs and attorney fees upon the plaintiffs, and we are unable to review the said evidence because it has not been brought up in the proper manner.

Whether the court committed error or abuse of discretion must be determined by the record of the trial as a whole and not by the complaint, the answer and the judgment. *Vivas et al.* v. *Hernáiz, Targa & Co. et al.*, 24 P. R. R. 779.

See our decision of this date in another appeal in the same case and between the same parties, *ante,* page 555.

The judgment. as to the part appealed from must be

*Affirmed.*

Justices del Toro, Aldrey and Hutchison concurred.

Mr. Justice Wolf took no part in the decision of this case.